OPINION
Defendant-appellant Christopher Willman appeals the October 26, 2001 ALS Court Disposition Notification entered by the Fairfield County Municipal Court, overruling his appeal of his administrative license suspension. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On October 16, 2001, Trooper Ferguson of the Ohio State Highway Patrol observed a vehicle traveling at a speed of 86 mph in a posted 65 mph zone. Trooper Ferguson initiated a stop of the vehicle, at which time he learned appellant was the driver. Upon his initial contact with appellant, the trooper detected an odor of alcoholic beverage emanating from the vehicle, and noticed appellant's eyes were blood shot and his speech was slow. Trooper Ferguson administered the horizontal gaze nystagmus test, and found six of the six possible clues. The trooper also administered the walk and turn and one leg stand tests. Ultimately, the trooper placed appellant under arrest for driving under the influence and transported him to the Pickerington Police Department for a breath alcohol test. After speaking with his attorney, appellant refused to submit to the test. Appellant was placed under an immediate administrative license suspension pursuant to R.C. 4511.191.
At his arraignment on October 19, 2001, appellant entered a plea of not guilty, filed a demand for a jury trial, and appealed his ALS. The trial court conducted a hearing relative to appellant's administrative license suspension on October 25, 2001. In lieu of testimony, appellant and the State offered the BMV Form 2255 and certain supplements, including the impaired driver report and the officer's Statement of Facts. The parties stipulated appellant was served a copy of the BMV Form 2255, but was not served with a copy of any of the supplements. Appellant argued his ALS should be terminated because the supplements, which are referred to on the BMV form, were not separately sworn. Appellant further argued the ALS should be terminated because he was never served with the supplements; therefore, he did not receive adequate notice. The trial court upheld the administrative license suspension, relying upon this Court's decisions in State v. Tigner (June 9, 1999), Licking 5th App. No. 98-CA-139, unreported, and State v. Rader (June 25, 2001), Fairfield 5th App. No. 00CA72, unreported. The trial court filed an ALS Court Disposition Notification on October 26, 2001.
It is from this notification appellant appeals, raising as his sole assignment of error:
 WHERE A PERSON IS ARRESTED FOR DUI, AND IS ONLY PROVIDED WITH AN UNSWORN COPY OF BMV FORM 2255, CONTAINING NO FACTS STATING REASONABLE GROUNDS BUT MERELY SAYS "SEE SUPPLEMENT", AND THE BMV FORM 2255 IS LATER SWORN TO, BUT THE LATER PREPARED "SUPPLEMENT" IS NEVER SWORN TO, THE ARRESTED PERSON HAS NOT BEEN PROVIDED WITH ADEQUATE NOTICE, REQUIRED BY SECTION 4511.191(D)(2), AND THE TRIAL COURT COMMITS ERROR WHEN IT FAILS TO SUSTAIN THE ARRESTED PERSON'S ADMINISTRATIVE LICENSE APPEAL.
 I
Herein, appellant maintains the trial court erred in overruling his ALS appeal.
R.C. 4511.191(D)(2) provides:
 (2) The sworn report of an arresting officer completed under division (D)(1)(c) of this section shall be given by the officer to the arrested person at the time of the arrest or sent to the person by regular first class mail by the registrar as soon thereafter as possible, but no later than fourteen days after receipt of the report. An arresting officer may give an unsworn report to the arrested person at the time of the arrest provided the report is complete when given to the arrested person and subsequently is sworn to by the arresting officer. As soon as possible, but no later than forty-eight hours after the arrest of the person, the arresting officer shall send a copy of the sworn report to the court in which the arrested person is to appear on the charge for which the person was arrested.
Pursuant to R.C. 4511.191(D)(1)(c), the arresting officer must complete "a sworn report that includes all of the following statements:"
 (i) That the officer had reasonable grounds to believe that, at the time of the arrest, the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine;
 (ii) That the person was arrested and charged with operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine;
 (iii) That the officer asked the person to take the designated chemical test, advised the person of the consequences of submitting to the chemical test or refusing to take the chemical test, and gave the person the form described in division (C)(2) of this section;
 (iv) That the person refused to submit to the chemical test or that the person submitted to the chemical test and the test results indicate that the person's blood contained a concentration of ten-hundredths of one per cent or more by weight of alcohol, the person's breath contained a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath, or the person's urine contained a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of the person's urine at the time of the alleged offense;
 (v) That the officer served a notice of suspension upon the person as described in division (D)(1)(a) of this section.
In support of his position, appellant relies upon this Court's opinion in State v. Frame (May 24, 1999), Morrow 5th App. No. CA-881, unreported. In Frame, the State of Ohio appealed the Morrow County Court's upholding of appellee's appeal of his administrative license suspension. At the ALS hearing, after the arresting trooper testified, the State offered a copy of the BMV Form 2255 into evidence. Appellee objected to the admission of the form, arguing the State's exhibit was not a notarized copy of the original documents as required by R.C.4511.191(D)(1)(c) and (D)(2). The trial court sustained the objection, and dismissed the ALS suspension, finding the statutory procedures were not properly followed. The State maintained it was not required to send of a copy of the sworn report to the trial court because the ALS appeal hearing was conducted subsequent to the appellee's initial appearance, and the arresting officer was available to authenticate the report. This Court concluded the sending of a copy of the sworn report to the trial court was mandatory, and an arresting officer could not testify as to the authenticity of a BMV Form 2255 at an ALS appeal hearing as a substitute for such requirement.
In the instant action, the trial court relied upon this Court's decisions in State v. Tigner, supra, and State v. Rader, supra, finding those cases to be analogous. In Tigner, the appellant appealed the trial court's overruling of his ALS appeal, claiming the arresting officer lacked probable cause he [appellant] was driving while intoxicated before administering the breath test. Appellant relied upon the BMV Form 2255, which states an "improper lane usage" as the reasonable grounds of OMVI before administration of the test. At the ALS hearing, in addition to the BMV form, the trial court reviewed the impaired driver report and the officer's statement of the facts. This Court found the three documents provided sufficient evidence from which the trial court could determine the officer had reasonable grounds to believe appellant had committed the offense of OMVI before the administration of the breath test.
In Rader, the appellant challenged the trial court's overruling of her ALS appeal, arguing the trial court should have limited the evidence admitted at the hearing to the BMV Form 2255. The trial court found ALS probable cause was not limited to the face of the BMV form, but could include supplemental testimony from the arresting officer. In affirming the trial court's decision, this Court cited Tigner, noting the trial court may rely upon additional information besides the BMV form in determining whether the officer had reasonable grounds to request the appellant undergo a chemical test.
We do not find the issue of "completeness" of the BMV Form 2255 was raised in any of these three cases. The BMV Form 2255 Trooper Ferguson gave to appellant at the time of his arrest was not "complete." On the form, the officer set forth his reasonable grounds of OMVI before the administration of the test as "See Supplement." The parties stipulated at the ALS hearing appellant was never served a copy of any of the supplements. Without the information contained in the supplements, the BMV form Trooper Ferguson presented to appellant was not complete. The trooper failed to comply with the mandatory requirements of the statute. Because appellant did not receive a complete report, we find appellant was not provided with adequate notice as set forth in R.C. 4511.1919(D)(2). Accordingly, we need not reach the issue of the propriety of the trial court's reliance upon the unsworn supplement.
Appellant's sole assignment of error is sustained.
The judgment of the Fairfield County Municipal Court is reversed and remanded for further proceedings in accordance with our opinion and the law.
By: HOFFMAN, P.J. WISE, J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is reversed and the case remanded for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.